```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ROBERTO ANTONIO MIRON CASTILLO,                REPORT AND
                    Plaintiff,                 RECOMMENDATION
            - against -
JIMMY G CONSTRUCTION CORP., et al.,            20-CV-0706 (AMD) (JO)
                    Defendants.
-----------------------------------------------------------------X
```

James Orenstein, Magistrate Judge:

Plaintiff Roberto Antonio Miron Castillo ("Miron Castillo") has accused defendants Jimmy G Construction Corp. and Rajinder Kaur of failing to pay him the wages to which he was entitled under federal and state law as well as failing to provide him with the wage notice and statements required under state law. *See* Docket Entry ("DE") 1 (Complaint); 29 U.S.C. § 201, *et seq.* ("FLSA"); NYLL §§ 190, 195, 650, *et seq.* ("NYLL"). After the defendants defaulted, Miron Castillo filed a motion for summary judgment. *See* DE 10; DE 12. Since filing that motion, however, Miron Castillo has consistently failed to prosecute it or to participate as required in court proceedings. Upon a referral from the Honorable Ann M. Donnelly, United States District Judge, I now make this report and respectfully recommend that the court deny the motion and instead dismiss the Complaint without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

I.   Background

Miron Castillo filed his Complaint on February 7, 2020, and served process on both defendants on February 13, 2020. *See* DE 1; DE 5; DE 6. Neither defendant filed a timely response, but Miron Castillo took no timely action on their default. I therefore entered the following order:

> A review of docket entries 5 and 6 in this action indicates that the defendants were served with the summons and complaint on February 13, 2020, and their answers were due on March 5, 2020, but to date have not been filed. No later than April 2, 2020, one of the following events must occur: (a) the defendants must file an answer, (b) the parties must file a stipulation extending the defendants' time to answer, or (c) the plaintiff must file a request for a certificate of default. If none of the preceding events occurs by the deadline set forth above, I will deem the plaintiff to have abandoned the case and will promptly file a Report and Recommendation urging the

>assigned District Judge to dismiss the case for failure to prosecute. The plaintiff's counsel is directed to provide a copy of this order to his client and to the defendants. *See* Fed. R. Civ. P. 41(b).

Order dated March 19, 2020.

On April 2, 2020, Miron Castillo asked the Clerk to enter the default of both defendants and the Clerk did so on April 10, 2020. *See* DE 9; DE 10. Miron Castillo then filed a motion for default judgment on May 15, 2020. *See* DE 15. As of that date, Miron Castillo continued to be personally involved in the prosecution of his claims, as demonstrated by his execution of a declaration supporting the motion on May 14, 2020. *See* DE 12-10 at 4. The court referred the motion to me by Order dated May 15, 2020. That same day, I entered an order affording the parties a final opportunity to make written submissions on the motion and scheduling a damages inquest for August 4, 2020. To accommodate the constraints arising from the global pandemic, by order dated July 30, 2020, I provided instructions for the parties and counsel to appear at the inquest by telephone.

On July 31, 2020, Miron Castillo's counsel asked to adjourn the inquest. He explained that Miron Castillo has moved to South Carolina earlier in the year – before he filed the default judgment motion on Miron Castillo's behalf – and had changed his telephone number without informing counsel. After several weeks of searching, counsel found Miron Castillo, worked with him to draft a declaration, and secured his updated contact telephone number and email address. As of July 31, 2020, however, counsel reported that Miron Castillo's telephone number was no longer in service and that neither Miron Castillo nor a known acquaintance were responding to counsel repeated efforts to contact Miron Castillo by telephone and email. *See* DE 14. I denied the motion to adjourn for the following reason:

>The plaintiff has an obligation to remain in contact with his counsel and to be available for the damages inquest if he wishes to prosecute the case. I therefore deny the motion to adjourn. If the plaintiff fails to appear as required, I will schedule one further conference at which he must appear. If he then again fails to appear as

2

>required I will recommend that the court dismiss the Complaint for failure to prosecute.

Order dated Aug. 3, 2020.

Miron Castillo did not appear for the telephonic inquest as required. During the proceeding, Miron Castillo's counsel detailed the extensive but unsuccessful efforts he had made to contact Miron Castillo and secure his participation in the hearing. I therefore adjourned the hearing to August 19, 2020. In doing so, I explicitly warned that Miron Castillo's continued failure to appear would result in "a report and recommendation urging the court to dismiss the Complaint for failure to prosecute." DE 15. I further directed Miron Castillo's counsel "to use his best efforts to provide a copy of this minute order to the plaintiff, and to speak directly to the plaintiff to convey its substance." *Id.* Counsel sent that order to Miron Castillo, in English and Spanish, by email and text messages. *See* DE 16. Nevertheless, Miron Castillo again failed to appear as required at the adjourned hearing on August 19, 2020. *See* DE 17. I therefore stated that I would recommend dismissal without prejudice. *See id.*

II.     Discussion

A district court has the inherent power to manage its own affairs to achieve the orderly and expeditious disposition of cases. *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962)). Consistent with that inherent authority, a district court may dismiss an action, in the exercise of its sound discretion, "[i]f the plaintiff fails to prosecute or to comply with … a court order[.]" Fed. R. Civ. P. 41(b); *see Lewis*, 564 F.3d at 575 (noting that the standard of review is abuse of discretion). Because dismissal on such grounds is unquestionably a "harsh remedy" that should be used only in "extreme situations," *Lewis*, 564 F.3d at 576 (citations omitted), a court considering such an action should examine five factors. Specifically, the court should consider whether

3

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). No one factor is dispositive. *Id.* In weighing the five factors, the court must consider the record of the entire case as a whole. *Id.* A court may find the standard for dismissal satisfied where it finds "a pattern of dilatory tactics" or "an action lying dormant with no significant activity to move it[.]" *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

All five factors weigh in favor of dismissing the Complaint. First, Miron Castillo has exhibited a "pattern of dilatory conduct" and has allowed his claims to lie "dormant with no significant activity" for more than five months since filing his motion for default judgment on May 15, 2020. Miron Castillo has on two separate occasions ceased communications with his counsel and has twice failed to appear for conferences as ordered. Second, Miron Castillo's inaction has continued even in the face of repeated warnings that such behavior could result in the dismissal of his claims. Third, applicable case law establishes a presumption that a plaintiff's unreasonable delay will normally prejudice the defendants. *See, e.g.*, *Disanto v. Wells Fargo Bank*, 2015 WL 270055, at *4 (E.D.N.Y. Jan. 20, 2015) (citing *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999)). Fourth, because of Miron Castillo's inaction, his claims against the defendants are at a standstill and his right to an opportunity for a day in court has been thoroughly vindicated, notwithstanding the fact that he has failed to take advantage of that opportunity. Finally, no lesser sanction than dismissal is likely to be effective in light of Miron Castillo's repeated failure to comply with court orders even after being warned that doing so could result in dismissal.

III.  Recommendation

For the reasons set forth above, I respectfully recommend that the court deny the motion for default judgment and instead dismiss the Complaint without prejudice for failure to prosecute.

IV.  Objections

Any objections to this Report and Recommendation are due by November 10, 2020. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

SO ORDERED.

Dated:  Brooklyn, New York
October 27, 2020

　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　　　　　　James Orenstein
　　　　　　　　　　　　　　　　　　　　　　　　　U.S. Magistrate Judge